# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DIANE L. MISENER                                                                  PLAINTIFF

v.                             NO. 4:18-CV-321-BSM-BD

SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## RECOMMENDED DISPOSITION

### I. Procedures for Filing Objections:

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Either party may file written objections to all or part of this Recommendation. Objections should specifically explain the factual or legal basis for the objection. To be considered, objections must be filed with the Clerk of Court within 14 days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

### II. Background:

Diane Misener applied for social security disability benefits with an alleged onset date of May 1, 2014. (R. at 135). After a hearing, the administrative law judge ("ALJ") denied Ms. Misener's application. (R. at 22). Subsequently, the Appeals Council denied her request for review. (R. at 1). Therefore, the ALJ's decision stands as the Commissioner's final decision. Ms. Misener filed this case to request judicial review of the Commissioner's decision.

### III. Commissioner's Decision

The ALJ found that Ms. Misener's back disorder and dysthymic disorder were severe impairments for purposes of the Social Security Act. (R. at 13). The ALJ further found that Ms. Misener had the residual functional capacity ("RFC") to perform sedentary work, except that she could only occasionally climb, balance, stoop, kneel, crouch, and crawl and would be limited to simple, routine, repetitive tasks involving few, if any workplace changes and no more than incidental contact with coworkers. (R. at 15). This RFC precluded Ms. Misener from returning to her past relevant work. (R. at 20).

The ALJ heard testimony from a vocational expert ("VE"), who testified that a person with Ms. Misener's age, education, work experience, and RFC could perform other jobs in the economy, such as document preparer, type copy examiner, and compact assembler. (R. 21). The ALJ found, therefore, that Ms. Misener was not disabled. (R. at 22).

### IV. Discussion

Ms. Misener argues that the ALJ failed to fully and fairly develop the record; failed to find her posttraumatic stress disorder and cardiac condition to be severe impairments; and improperly based her RFC on a non-examining source opinion. Because the ALJ failed to fully and fairly develop the record, it is not necessary to reach Ms. Misener's other points.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record and free of legal error. *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018); see also 42 U.S.C. § 405(g).

Substantial evidence in this context means enough relevant evidence that a reasonable mind would accept as adequate to support a conclusion. *Id.* (citing *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (other citation omitted). To determine whether the Commissioner's decision is supported by substantial evidence, the Court must consider evidence in the record that supports the decision and also evidence that detracts from the decision. *Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 557 (8th Cir. 2018) (citation omitted). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Tilley v. Astrue*, 580 F.3d 675, 679 (8th Cir. 2009) (citations omitted).

Ms. Misener contends that the ALJ made several errors in developing the record. Two days after her hearing before the ALJ, Ms. Misener suffered a heart attack. (R. at 585–98). The ALJ's opinion fails to mention Ms. Misener's heart attack. He mentions her treating physician's opinion that Ms. Misener would be limited in her ability to work with her hands without acknowledging that this limitation was the result of her heart attack. (R. at 19, 599).

Ms. Misener was sent for two consultative examinations—one physical and one mental—but neither examiner was provided any of her relevant past treatment records. (R. at 445–49, 501–09). Regulations require the Commissioner to provide consultative examiners with all necessary background information. 20 C.F.R. § 404.1517. The Commissioner does not contradict Ms. Misener's assertion that the consultative examiners were not provided with copies of her medical records, but instead argues generally that the record was sufficient for the ALJ to make a reasoned decision.

At a minimum, a consultative examiner's opinion is entitled to less consideration if the examiner was not provided a claimant's medical records. *Gavin v. Heckler*, 811 F.2d 1195, 1200 (8th Cir. 1987) The Commissioner's regulations require that a consultative examiner be given any necessary background information about a claimant's condition. 20 CFR § 404.1517. Such background information is essential because consultative exams are used to "resolve an inconsistency in the evidence" and when "the evidence as a whole is insufficient to allow us to make a determination or decision in [the] claim." § 404.1519a(b); *see also, Brantley v. Comm'r of Soc. Sec.*, 637 Fed. Appx. 888, 896 (6th Cir. 2016)(holding that ALJ violated the regulation requiring that consultative examiners receive any necessary background about a claimant's medical condition). Even if *Gavin* did not establish a bright-line rule as to the weight to be afforded a consultative examiner's opinion where the examiner was not provided a claimant's past medical records, the lack of access to relevant records should at least be considered in deciding the weight of the examiner's opinion.

In this case, Don Ott, Psy. D., performed a consultative mental examination without the benefit of Ms. Misener's mental health treatment records. (R. at 502). Dr. Ott diagnosed dysthymic disorder and assigned a Global Assessment of Functioning score of 50–60. (R. at 506). Nothing in the record suggests that Dr. Ott was aware of Ms. Misener's prior diagnoses of major depressive disorder and posttraumatic stress disorder or of her certification of Serious Emotional Disturbance/Serious Mental Illness (SED/SMI). (R. at 450–52). This left Dr. Ott to render his opinion without a longitudinal

picture of Ms. Misener's mental health issues and limited him to observations in his one-and-only examination.

The record includes no treating professional's opinion as to Ms. Misener's mental impairments other than the SED/SMI certification. Ms. Misener's mental health treatment records were surely "necessary background information" that would have given Dr. Ott insight into Ms. Misener's mental treatment history and impairments.

Ted Honghiran, M.D., performed an orthopedic consultative examination and reported his findings as well. (R. at 447–49). As with Dr. Ott, Dr. Honghiran was not provided Ms. Misener's medical records, including previous orthopedic examinations and MRIs of her lumbar and thoracic spine before rendering his opinion. (R. at 439–41).

Ms. Misener's objection to Dr. Honghiran's lack of access to her medical history is less persuasive than her argument about Dr. Ott's lack of access. First, Dr. Honghiran did not indicate that the lack of previous records hampered his ability to assess the results of the examination; and second, physical limitations are more amenable to objective testing than are mental limitations. (R. at 447–49). Undoubtedly, the better practice is to provide all relevant medical records to consultative examiners. The failure to provide records to Dr. Honghiran standing alone likely would not require remand, but it does compound the ALJ's error in failing to provide relevant records to Dr. Ott.

Finally, the ALJ's superficial consideration of additional limitations caused by Ms. Misener's heart attack that occurred only days after the hearing was wholly inadequate. Ms. Misener's treating physician, William Berry, M.D., opined that numbness and tingling in Ms. Misener's hands were attributable to her recent heart attack, (R. at 599).

The ALJ briefly mentioned Dr. Berry's opinion that Ms. Misener could not work with her hands, but he did not discuss the recent heart attack that caused the numbness and tingling; nor did he mention the heart attack at all. (R. at 19).

The Commissioner argues that there was no harm in the ALJ's failure to find that Ms. Misener's cardiac condition was a severe impairment because it caused no additional limitations. That is not accurate. Dr. Berry's opinion clearly suggests that manipulative limitations might be appropriate because of the numbness and tingling Ms. Misener experienced after her heart attack. (R. at 599).

The ALJ's opinion does not adequately address Dr. Berry's opinion about the effects of Ms. Misener's heart attack. The heart attack itself may justify additional development of the record to include opinions from either treating physicians, consultative examinations, or both.

## V. Recommendation

The ALJ failed to fully and fairly develop the record. For this reason, the case should be REVERSED and REMANDED to the Commissioner with instructions to develop the record as necessary by re-contacting treating physicians and ordering consultative examinations, as necessary. Consulting examiners should be provided with all of Ms. Misener's relevant medical records.

Dated this 28th day of January, 2019.

UNITED STATES MAGISTRATE JUDGE